Curtis R. Hussey, Esq.  (USB #5488)
Hussey Law Firm, LLC
P.O. Box 1896
Fairhope, Alabama  36532-1896
Telephone:  (251) 928-1423
Facsimile:  (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Dangela Slack

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| Dangela Slack,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>One on One Marketing, LLC d/b/a Career Institute and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:14-cv-00754-DS<br><br><br>**COMPLAINT** |

　　　　For this Complaint, the Plaintiff, Dangela Slack, by undersigned counsel, states as follows:

# JURISDICTION

　　　　1.　　This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Dangela Slack ("Plaintiff"), is an adult individual residing in Hurst, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

5. The Defendant, One on One Marketing, LLC d/b/a Career Institute ("OOM"), is a Utah business entity with an address of 3098 Executive Parkway, Suite 300, Lehi, Utah 84043, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by OOM and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. OOM at all times acted by and through one or more of the Agents.

## FACTS

8. Beginning in or around March 2014, OOM started calling Plaintiff's cellular phone, number (817) XXX-1496.

9. OOM called Plaintiff's cell phone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10. Plaintiff has no prior business relationship with OOM and never provided her express consent to be contacted by means of an automated system on her cell phone.

11. When Plaintiff answered OOM's calls, Plaintiff often heard a pre-recorded message before she was able to speak with a live representative. On other occasions, Plaintiff answered OOM's calls to hear only music, before a live representative came on the line.

12. On at least one occasion, Plaintiff requested OOM cease calling her cellular phone.

13. Despite such, OOM continued to place ATDS calls to Plaintiff.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

3

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Defendant's telephone systems have some earmarks of a Predictive Dialer.

18. Oftentimes, when Plaintiff answered the phone, she was met with a period of music before Defendant's telephone system would connect her to the next available representative. On other occasions, Plaintiff heard a pre-recorded voice message before Defendant's telephone system would connect her to the next available representative.

19. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Defendant contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

 A.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

 B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

 C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 16, 2014    LEMBERG LAW, LLC


                By: */s/   Curtis R. Hussey*
                Curtis R. Hussey

                Attorney for Plaintiff
                Dangela Slack